Curia, per Richardson, J.
The single question is — whether interest can be recovered against Ross, the guarantor, on an open *22 account, due by his principal ? The law is settled, that no interest can be recovered against the principal debtor, on such open account ; and, it is equally plain, that the undertaking of a surety, or guarantor, is to answer for the debt due by the principal, and not for more than the principal owes.
Moses, for appellant.
The letter of credit, then, of the defendant Ross, answered no purpose but to make him liable for the amount of the indebtedness of his principal, and could not give character to the debt. The guaranty must be put in writing, in order to render the surety liable at all. But, it does not liquidate the debt, nor, in any way, alter its form, or legal effect. These depend upon the contract of the principal himself, and are not affected by the subsequent acknowledgments of Ross. But, it is also plain, that the principal is responsible to his guarantor, for the amount recovered against him, as guarantor. If, therefore, we allow interest, in the first instance, against Ross, on the plaintiff’s open account, Ross must recover the same interest against the principal debtor: and it would follow, that interest is recoverable on the open account, notwithstanding the rule just laid down, that it is not recoverable, I scarcely need add, that such inconsistency must prevent the recovery of the interest in this case ; and, a new trial is ordered, unless the plaintiff release the interest.
Gantt, Evans, Earle and Butler, Justices, concurred.